UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ZUFFA, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-10-2596 |
| | § | |
| TAREK HASSAN and MILLENIUM LOUNGE | § | |
| GROUP, INC., | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM, ORDER AND FINAL JUDGMENT**

Pending before the court is plaintiff Zuffa, LLC's motion for default judgment against defendants Tarek Hassan and Millenium Lounge Group, Inc. Dkt. 7. For the following reasons, the motion if GRANTED.

**I. BACKGROUND**

Defendant Tarek Hassan in an officer, director, shareholder, and/or principal of Millenium Lounge Group, Inc., which does business as Polk Street Pub. Dkt. 7, Exh. 1. Plaintiff Zuffa, LLC, which does business as The Ultimate Fighting Championship (UFC), owned the commercial rights to the May 8, 2010 Ultimate Fighting Championship # 113 television broadcast (the "Event"), which originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal. Dkt. 1. Zuffa or its agents entered into licensing agreements with various entities which allowed the entities to publically broadcast the Event. *Id.* Zuffa retained independent auditors to canvas and identify commercial establishments that were exhibiting the Event without a license. Dkt. 7, Exh. 1. One of these auditors visited Polk Street Pub at 1201 San Jacinto Street, Houston, Texas, on May 8, 2010 at approximately 10:30 p.m. *Id.* The auditor observed seven televisions exhibiting the first round of the Event, a match between fighters Daley

and Korcheck, to 70 to 80 patrons. *Id.* Polk Street Pub had not paid the fee required to exhibit the program at a commercial establishment. *Id.*

On July 22, 2010, Zuffa filed this action to recover statutory damages for the unauthorized exhibition of the Event at the Polk Street Pub. Both defendants were served on August 31, 2010. Dkts. 5, 6. The summons advised the defendants that they had to answer the complaint or file a motion under Rule 12 of the Federal Rules of Civil Procedure within 21 days of service. *Id.* Neither defendant answered the complaint or otherwise made an appearance. Zuffa therefore filed a motion for default judgment on October 27, 2010.

## II. LEGAL STANDARD AND ANALYSIS

Under Local Rule 5.5, a motion for default judgment must be served upon the defendant via certified mail, return receipt requested. S.D. Tex. L.R. 5.5. Zuffa satisfied Local Rule 5.5 by mailing a copy of the request for entry of a default and the motion for default judgment to the defendants via certified mail, return receipt requested. Dkt. 7, Exh. 12. Pursuant to Rule 55 of the Federal Rules of Civil Procedure, entry of a default judgment is appropriate "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R Civ. P. 55(a). Given defendants' failure to answer the complaint in a timely manner, the court has the authority to accept all well-pleaded facts in the complaint as true and to award the relief sought by the plaintiff.

In this case Zuffa, Inc. seeks statutory damages, additional damages, attorneys' fees, costs pursuant to Section 553 of the Federal Communications Act, 47 U.S.C. §§ 151, *et seq.*, which prohibits the unauthorized interception or receiving of a communication offered over a cable system. Under section 553(c)(3)(A)(ii), an aggrieved party may recover statutory damages of not less than $250 and not more than $10,000.00. Section 553(c)(3)(B) allows the court to increase the damage

award by an amount of not more than $50,000 if the court finds the violation willful and made for the purpose of commercial advantage or financial gain.  Section 553(c)(2)(C) authorizes the court to award full costs and reasonable attorneys' fees to an aggrieved party who prevails on a claim for unauthorized reception of cable service.

Zuffa, Inc. has requested an award of statutory damages against each defendant, jointly and severally, in the amount of $10,000; additional damages in the amount of $50,000; and attorneys' fees and costs of $2,165.00.  The court finds that the $2,165.00 requested for costs and attorneys' fees is reasonable, and Zuffa is therefore awarded $2,165.00 in costs and fees.  Additionally, the court awards statutory damages under section 553(c)(3)(A)(ii) in the amount of $5,000, and additional damages under section 553(c)(B) in the amount of $10,000.  Post-judgment interest shall accrue at the rate of 0.27% per annum.  Zuffa is to recover these damages from defendants jointly and severally.

Furthermore, Zuffa, Inc. is entitled to recover the following conditional awards of attorneys' fees from each defendant in the following circumstances:

      a.    Ten Thousand Dollars ($10,000.00) in the event defendant files a motion to vacate, Rule 60 motion, motion for new trial, motion for reconsideration or other post-judgment, pre-appeal motion that does not result in a reversal of the judgment obtained in this action;

      b.    Fifteen Thousand Dollars ($15,000.00) in the event a defendant files an appeal to the Fifth Circuit Court of Appeals that does not result in a reversal of the judgment obtained in this action;

    c.    Five Thousand Dollars ($5,000.00) for making and/or responding to a petition for certiorari to the U.S. Supreme Court that does not result in a reversal of the judgment obtained in this action;

    d.    Ten Thousand Dollars ($10,000.00) for an appeal to the United States Supreme Court in the event a petition for certiorari review is granted and does not result in a reversal of the judgment obtained in this action; and

    e.    Two Thousand Five Hundred Dollars ($2,500.00) for collection of the judgment rendered in this case, should plaintiff obtain a writ of execution, writ of garnishment, writ of attachment or other process.

### III. CONCLUSION

For the foregoing reasons, Zuffa's requests for entry of default and motion for default judgment are GRANTED, and judgment is entered in favor of Zuffa and against Tarek Hassan and Millenium Lounge Group, Inc., jointly and severally, as set forth more fully above.

It is so ORDERED.

Signed at Houston, Texas on December 7, 2010.

_____
Gray H. Miller
United States District Judge